FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUL 2 5 2011

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

Leonard B. Brown, Jr.(LBBJ)
Leonard B. Brown III(LBB3)
Plaintiffs

**2:11-CV- 190**

v.

The City of Dunwoody(COD)
Tom Lapenna(TL) and Tom Lapenna
in his official capacity
Michael Nier(MN) and Michael Nier,
in his official capacity
Michael Tuller(MT)and Michael Tuller
in his official capacity,
Brian Anderson(BA) and Brian Anderson
in his official capacity,
C.R. Forman(CF) and C. R. Forman
in his official capacity
T. Waldron(TW) and T. Waldron
in his official capacity

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND

## DAMAGES

1.     Comes now, the Plaintiffs to bring this their complaint under  18

U.S.C. § 242, 18 U.S.C. § 241,42 U.S.C.§ 1983; and numerous violations of the

1

Plaintiffs' civil rights under the fourth and fourteenth amendments to the Constitution of the United States of America. The Plaintiffs demand a trial by jury of their peers.

## PRELIMINARY STATEMENT

2.     Early in 2009 the plaintiffs  began receiving threatening  notes, and strange, privacy invading photographs from officials of the the City of Dunwoody, Georgia(COD), but no  statement or specification of violations, possibly because there were none. These threatening and harassing actions continued intermittently and then a court date was set,  still without any specification of violations or citations. Subsequently, LBBJ experienced a stroke, likely related to the aggravation, and informed the court that he was ill and requested a continuance. When  LBBJ felt he had  had recovered sufficiently I agreed to attend an "appeal" hearing with a very unqualified lay committee, after which he was arrested.  After his arrest, LBBJ asked for the amount of his bond or fine, offered to pay it and was told he could not pay it by the arresting officer though he had the capacity to instantly do so.

3.     Subsequently the COD Police(CODP) began appearing at the home of LBB3 several times a day and asking to search the house for LBBJ, whom they

were well aware was out of State. It soon became apparent that the CODP were

attempting to catch one of the occupants, likely Leonard B Brown, III alone so that

criminal charges could be fabricated. After informing LBBJ by phone that she

would have to leave town on business, the girlfriend of LBB3 left the premises

and shortly thereafter LBB3 heard a loud banging on the west door of the house.

Looking through the peephole LBB3 could see no one; and no one identified its

self verbally. Assuming this was a prankster, LBB3 returned to sleep on the sofa in

the den. Later he heard the same loud noise and decided to investigate. Proceeding

out of the north door, LBB3 carefully approached the corner of the house and saw

a person crouched against the wall aside the west door so as not to be seen by an

occupant. At that time he heard another voice calling out from a different

direction. After several minutes of calm, civil discourse with these two, as yet

unidentified persons, LBB3 was asked suddenly to produce his identification, he

agreed to do so. He then calmly and casually, but deliberately, turned and went

back into the house through the door he had exited, the north door, not wishing to

share his entry code with these strange appearing characters. After LBB3 was in

the house, the north door was broken in and LBB3 was assaulted, threatened with a

deadly weapon, cursed and handcuffed while on his way to retrieve his driver's

3

license, as he was asked. LBB3 was subsequently placed in a car marked

Dunwoody. and for the first time became aware that these were likely Dunwoody

Police(CODP). On the way to Dekalb County's jail LBB3 overheard one officer

state 'that they would get his dad now when he comes to bail him out'. The

following day, apparently due to his sinus infection LBB3 was released by the

Dekalb County jail. Later, LBB3's charges were dismissed by the Dekalb County

district attorney because he could find no evidence of wrongdoing, at least on the

part of LBB3.

4.      On the other hand, in an apparent effort to cover up their crimes, the

CODP, fabricated a false police report in an effort to implicate their innocent

victim, LBB3, wherein they state that they just "touched" the door they broke into

with considerable force in view of the damage to the door frame. It offends

sensibility to even consider that such extensive damage could be done by simply

"touching" a door.  But that is not their only missive. They would have us all

believe that a modern police department would not have circulated the physical

descriptions of LBBJ and LBB3 so that they became so "alarmed" that LBB3

might be an intruder that they felt compelled to break and enter his residence. This,

once again offends sensibility. The only thing that does make sense is if LBBJ's

4

phone were being monitored so that the CODP knew his girlfriend was out of the house, the CODP would have had a perfect opportunity to create an incident. We don't need police like this, we would prefer to take our chances with the intruders!

5.      Harassment has continued unabated and when we refuted scientifically all of their baseless allegations, they insisted that we hire an engineer for an independent third party opinion; and when he concurred with the Plaintiffs, the Plaintiffs have reason to believe the Defendants attempted to tamper with the testimony of this Professional Engineer who has fixed his seal to his opinions. The Plaintiffs bring this action now to prevent the destruction of pertinent evidence as it now appears beyond any reasonable doubt that the issues are predominantly Federal in nature and this is the intent of the Defendants.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs claims under the U.S. Constitution, which are both brought directly and under

42 U.S.C. §§ 1981, 1983, 1985, and 1986.

7.      This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331 because this action arises under the U.S. Constitution and the laws of the United States, pursuant to 28 U.S.C. §§ 1343 because this action seeks to redress the deprivation, under color of law, Plaintiffs' civil rights and to equitable or other relief for the violation of those rights.

8.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same controversy under Article III of the U.S. Constitution.

9.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Practice Rule of Civil Procedure Rule 57.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b). Defendants' residences are all located within this District. All of the events giving rise to this complaint occurred within this District. LBBJ maintains a residence in this division's area of service.

## DISCUSSION

11.    The Plaintiffs have reason to believe that these arrests and other actions of the COD were intended to inflict emotional injury, intimidate, injure, maim or kill, and not to enforce any code or law but, perhaps, to force us to sell out our unique property.

12.    In 1999 we obtained a building permit from Dekalb County, Georgia(DC) solely for the purpose of preventing harassment by a sick neighbor, as nothing we were doing required a permit, which was carefully maintained by us, a "fait accompli" by the actions of DC, oral contract, and twice adjudicated by a Dekalb County Judge. This "quid pro quo" worked well until the surrogate of a convicted felon purchased an undevelopable strip of property adjacent to ours mistakenly thinking that our private drive was a public road. Then we began having problems. This person was also intimately involved in with the COD movement.  I anticipated some problems as we have reason to believe the use of public officials to intimidate is part of his "modus operandi". What we did not count on was becoming ill in the midst of this and the level of violence perpetrated against our family. Even the COD tacitly recognized the validity of this permit by not citing us for any violations until after six months had passed in their own existence. States are prohibited from passage and implementation of "ex post facto" by clause 1 of Article I, section 10 of the U.S. Constitution.  Thus, even though their new code may limit a building permit to six months, they may not impose this "ex post facto" regulation upon a Dekalb County  permit already in existence  The COD is clearly a lawless community that is out of control and

remains a serious threat to all U.S. citizens.

13.    We were long suffering in Dunwoody from bad government and one cannot fault our good citizens for desiring better and not recognizing that it could get worse. One of the great concerns we had in our community was the lack of substantial, competent leadership within it and its relatively large number of felons, child molesters etc; and true to form the COD accurately reflects the community. In short, we have no George Washingtons in residence.

## CONCLUSION

14.    To end the violence in the COD this Court must send a strong message to the COD that corruption and abuse of law will  result in more than a little slap on the wrist and probation; and the potential jail terms are a mere pittance in relation to the damages they have caused. Therefore, the Plaintiffs pray that the Court assume jurisdiction in this matter and grant an award of $10,000,000.00 plus expenses for the Plaintiffs and such punitive damages as the Court may determine. The COD has acted in a precipitous manner to destroy evidence at the property and if this Court does not act vital evidence will be destroyed,  additional rights of the Plaintiffs violated, further emotional injuries to the plaintiff may occur and medical problems  may worsen, none of which can be fully recompensed by a future

monetary award thus resulting in irreparable harm to the Plaintiffs. The Plaintiffs
therefore pray that the  Court  immediately issue an emergency restraining order
enjoining the the COD, its employees, contractors or assigns from taking any
action against the property at 4851 Happy Hollow Road, Dunwoody, Georgia
30360-1645, its owners, occupants or their guests or employees.

Respectfully Submitted,

Leonard B. Brown, III
4851 Happy Hollow Road
Dunwoody, Georgia 30360-1645
Plaintiff
4044034251

Leonard B. Brown Jr.
67 Sunrise Terrace
Box 20930
Jasper, Georgia 30143
Plaintiff
8507105881
3215742696 FAX