# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Leonard B. Brown, Jr. (LBBJ),** ) | |
| **Leonard B. Brown, III (LBB3),** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action File No.:** |
| ) | **1:11-CV-2448** |
| **The City of Dunwoody (COD),** ) | |
| **Tom Lapenna (TL) and Tom** ) | |
| **Lapenna in his official capacity,** ) | |
| **Michael Nier (MN) and Michael** ) | |
| **Nier in his official capacity,** ) | |
| **Michael Tuller (MT) and Michael** ) | |
| **Tuller in his official capacity,** ) | |
| **Brian Anderson (BA) and Brian** ) | |
| **Anderson in his official capacity,** ) | |
| **C.R. Forman (CF) and C.R.** ) | |
| **Forman in his official capacity,** ) | |
| **T. Waldron (TW) and T. Waldron** ) | |
| **in his official capacity,** ) | |
| ) | |
|    **Defendants.** ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

COME NOW, defendants The City of Dunwoody, Tom Lapenna, Michael Nier, Michael Tuller, Brian Anderson, C.R. Forman, and T. Waldron (hereinafter, "these defendants") and respond to the plaintiffs' Complaint for Declaratory and Injunctive Relief and Damages as follows:

1. Paragraph 1 of the plaintiffs' complaint sets forth a statement of the law which does not require a response. To the extent that paragraph 1 of the plaintiffs' complaint references factual allegations in the subject action, these defendants deny the allegations contained or inferred in paragraph 1 of the plaintiffs' complaint.

## PRELIMINARY STATEMENT

2. These defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 2 of the plaintiffs' complaint regarding "LBBJ" alleged stroke and deny the remaining allegations contained in paragraph 2 of the plaintiffs' complaint.

3. These defendants deny the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. These defendants deny the allegations contained in paragraph 4 of the plaintiffs' complaint.

5. These defendants deny the allegations contained in paragraph 5 of the plaintiffs' complaint.

## JURISDICTION AND VENUE

6. These defendants admit that this Court has subject matter jurisdiction in this matter and deny the remaining allegations contained in paragraph 6 of the plaintiffs' complaint.

7. These defendants admit that this Court has subject matter jurisdiction in this matter and deny the remaining allegations contained in paragraph 7 of the plaintiffs' complaint.

8. These defendants deny that supplemental jurisdiction under 28 U.S.C. 1367 is applicable in this action, as the plaintiffs' complaint does not assert any state law claim, and deny any remaining allegations contained in paragraph 8 of the plaintiffs' complaint.

9. These defendants deny that declaratory relief is appropriate in this action and therefore deny the allegations contained in paragraph 9 of the plaintiffs' complaint.

10. These defendants admit that venue is proper in the Atlanta Division of the U.S. District Court for the Northern District of Georgia and are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 10 of the plaintiffs' complaint.

## DISCUSSION

11. These defendants deny the allegations contained in paragraph 11 of the plaintiffs' complaint.

12. These defendants deny that they engaged in any unlawful and/or authorized conduct and are without knowledge or information sufficient to form a

belief as to the truthfulness of the remaining allegations contained in paragraph 12 of the plaintiffs' complaint.

13. These defendants deny the allegations contained in paragraph 13 of the plaintiffs' complaint.

## CONCLUSION

14. These defendants deny the allegations and prayers for relief contained in paragraph 14 of the plaintiffs' complaint.

15. Any allegations in plaintiffs' complaint not responded to above or specifically admitted are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any state laws claims of the plaintiffs are barred in whole or part by the Ante-Litem Notice provision of O.C.G.A. § 36-33-5.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's complaint against the City of Dunwoody is barred in whole or in party by the doctrine of sovereign immunity.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against Tom Lapenna, Michael Nier, Michael Tuller, Brian Anderson, C.R. Forman and T. Waldron are barred by the doctrine of official and/or qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages (O.C.G.A. §§ 51-12-5 or 51-12-5.1) are contrary by their express terms and as they may be applied to these defendants in this case, to the Constitution of the United States and the Georgia Constitution, and are therefore barred inasmuch as the statutes allow for deprivation to property without due process of law, violate equal protection of the law by providing fewer protections for civil litigants than the criminal statutes, which provide the imposition of monetary fines, and are void, inasmuch as they allow for the imposition of an excessive fine.  (U. S. Const., Amendments V, VIII and XIV; Ga. Const., Art. 1, §1, ¶1, 2 and 7).

WHEREFORE, having responded to the plaintiffs' complaint, these defendants pray that they be discharged without liability and with all costs cast upon the plaintiffs.

This 4th day of October, 2011.

                        LOKEY, MOBLEY AND DOYLE, LLP

                        <u>/s/ G. Melton Mobley</u>
                        G. Melton Mobley
                        State Bar No. 514625
                        Dawn N. Pettigrew
                        State Bar No. 409509
                        Attorneys for Defendants

8425 Dunwoody Place
Atlanta, GA 30350
Tel:  (770) 640-9441
Fax:  (770) 640-6646
mmobley@mobley-doyle.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing Answer using the CM/ECF system that will automatically send email notification of such filing to the following attorneys of record:

None

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Leonard B. Brown, III
4851 Happy Hollow Road
Dunwoody, GA 30360-1645

Leonard B. Brown, Jr.
67 Sunrise Terrace
Box 20930
Jasper, GA 30143

This 4th day of October, 2011.

s/G. Melton Mobley
G. Melton Mobley
State Bar No. 514625
Attorney for Defendants

8425 Dunwoody Place
Atlanta, Georgia 30350
(770) 640-9441